UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY V. WELLS,<br><br>            Plaintiff,<br><br>      v.<br><br>LIMA,<br><br>            Defendant. | Case No. 1:22-cv-00205-KES-CDB (PC)<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO MODIFY *NUNC PRO TUNC* THE DISCOVERY AND SCHEDULING ORDER**<br><br>(Doc. 35) |

Stanley V. Wells is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

**I.     INTRODUCTION**

The Court issued its Discovery and Scheduling Order on December 7, 2023. (Doc. 33.) Relevant here, the deadline for the filing of a dispositive motion was set for October 18, 2024. (*Id.*)

On October 18, 2024, Defendant Lima filed a Motion to Modify the Discovery and Scheduling Order. (Doc. 35.) The motion is supported by a memorandum of points and authorities (*see* Doc. 35-1 at 1-3) and the Declaration of Patricia M. Kealy (*id*. at 4-5).

**II.    DISCUSSION**

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). This

good cause standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id*. If the party was not diligent, the inquiry should end. *Id*.

Here, Defendant contends good cause exists to grant the motion to modify the Discovery and Scheduling Order as defense counsel has worked diligently to investigate Plaintiff's claims, submit a responsive pleading, participate in a settlement conference, develop defenses, depose Plaintiff, and to "draft a dispositive motion to the extent possible." (Doc. 35-1 at 2.)  Defendant asserts defense counsel's heavy workload impacts the time counsel can dedicate to this action. (*Id*.) Defendant seeks a 60-day extension of time within which to file a motion for summary judgment. (*Id*. at 2-3.)

Ms. Kealy declares that since deposing Plaintiff in mid-July, her workload in seven other matters pending in this district—including preparing for an evidentiary hearing involving seven witnesses, preparation for taking five depositions, and preparing and filing two dispositive motions—has impacted her ability to "thoroughly analyze the viability of and complete a dispositive motion on behalf of Defendant Lima" in this case. (Doc. 35-1 at 4, ¶ 6.) Further, defense counsel declares her workload in the next six weeks will continue to impact her ability to complete a motion in this action due to obligations—depositions and a settlement conference— in three other matters pending in this district, as well as an answering brief due in a matter pending before the Ninth Circuit Court of Appeals. (*Id*. at 4-5, ¶ 7.) Counsel declares Defendant has not previously sought to modify the scheduling order, and that the request is not made for the purpose of harassment, undue delay, or for any other improper reason. (*Id*. at 5, ¶¶ 9, 11.) Defendant seeks a 60-day extension of time to include December 17, 2024. (*Id*., ¶ 10.)

### III.    ANALYSIS

Requests for extensions of time in the Eastern District of California are governed by Local Rule 144, which provides: "Counsel shall seek to obtain a necessary extension from the Court or from other counsel or parties in an action as soon as the need for an extension becomes apparent." L.R. 144(d).  Here, given counsel's representations about the competing matters and

need for additional time, it should have become apparent before the due date for Defendant to file a dispositive motion that such an extension was needed, and, hence, under Local Rule 144, Defendant was required to file his current request for extension of time before now.

The Court disfavors granting *nunc pro tunc* relief and directs Defendant to exercise better care in anticipating any future requests for extensions of time and filing such requests well before the terminal filing date that he seeks to extend. Nevertheless, given counsel's representations in support of her motion, the Court finds good cause to grant the relief requested.

### IV.  CONCLUSION AND ORDER

Accordingly, and for good cause shown, the Court **ORDERS** that:

1. Defendant's motion to modify the scheduling order (Doc. 35) is **GRANTED**; and
2. The Discovery and Scheduling Order is **MODIFIED** to extend the deadline for filing a dispositive motion from October 18, 2024, to **December 17, 2024**.

IT IS SO ORDERED.

Dated:  **October 21, 2024**

UNITED STATES MAGISTRATE JUDGE

3