UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY V. WELLS,<br><br>            Plaintiff,<br><br>     v.<br><br>LIMA,<br><br>            Defendant. | Case No. 1:22-cv-00205-KES-CDB (PC)<br><br>**ORDER GRANTING DEFENDANT'S SECOND MOTION TO MODIFY THE DISCOVERY AND SCHEDULING ORDER**<br><br>(Doc. 37) |

Stanley V. Wells is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

**I.     INTRODUCTION**

The Court issued its Discovery and Scheduling Order on December 7, 2023. (Doc. 33.) Relevant here, the deadline for the filing of a dispositive motion was set for October 18, 2024. (*Id.*)

On October 21, 2024, the Court issued its Order Granting Defendant's Motion to Modify *Nunc Pro Tunc* the Discovery and Scheduling Order. (Doc. 36.) The dispositive motion filing deadline was extended from October 18, 2024, to December 17, 2024. (*Id*. at 3.)

On December 13, 2024, Defendant Lima filed a second motion to modify the scheduling order. (Doc. 37.) The motion is supported by a memorandum of points and authorities (*see* Doc. 37-1 at 1-3) and the Declaration of Patricia M. Kealy (*id*. at 4-5).

## II. DISCUSSION

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). This good cause standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 609 (9th Cir. 1992). The court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id*. If the party was not diligent, the inquiry should end. *Id.*

Here, Defendant contends good cause exists to grant the motion to modify the Discovery and Scheduling Order as defense counsel has worked diligently to thoroughly analyze the viability of a dispositive motion and to draft such a motion on Defendant Lima's behalf. (Doc. 37-1 at 2.) Defense counsel intends to cite to records in "non-party incarcerated individuals'" central files and is in the process of obtaining those records but requires more time. (*Id*.) Counsel states the Attorney General's Office (AGO) was previously able to obtain those records through a request to the litigation coordinator at the incarcerated person's institution, and the records would be provided after any necessary redactions, as would any supporting declarations. (*Id*. at 2-3.) However, recent policy changes implemented by the California Department of Corrections and Rehabilitation now require the AGO to subpoena those records, allowing for third-party objections or waiver of objections concerning production of incarcerated persons' central files, medical records, and mental health records. (*Id*. at 3.) Thus, the new process requires additional time to complete. (*Id*.) Defendant requires additional time within which to ensure the necessary records are received and referenced in support of the summary judgment motion. (*Id*.) Defendant requests a 30-day extension of the dispositive motion filing deadline. (*Id*.)[1]

## III. CONCLUSION AND ORDER

Accordingly, and for good cause shown, the Court **ORDERS** that:

1. Defendant's motion to modify the scheduling order (Doc. 37) is **GRANTED**; and
2. The Discovery and Scheduling Order is **MODIFIED** to extend the deadline for filing

---

[1] Although Defendant's notice of motion indicates he seeks a 14-day extension, the legal memorandum in support thereof and proposed order each refer to a 30-day extension. *Cf* (Doc. 37 *with* Doc. 37-1 & 37-2.)

a dispositive motion from December 17, 2024, to **January 16, 2025**.

IT IS SO ORDERED.

Dated:     **December 16, 2024**                                          

UNITED STATES MAGISTRATE JUDGE

3