UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STANLEY V. WELLS,<br><br>              Plaintiff,<br><br>     v.<br><br>LIMA,<br><br>              Defendant. | Case No. 1:22-cv-00205-KES-CDB (PC)<br><br>**ORDER GRANTING DEFENDANT'S THIRD MOTION TO MODIFY THE DISCOVERY AND SCHEDULING ORDER** *NUNC PRO TUNC*<br><br>(Doc. 39) |

Stanley V. Wells is a state prisoner proceeding pro se and *in forma pauperis* in this civil rights action filed pursuant to 42 U.S.C. § 1983.

**I.     BACKGROUND**

The Court issued its Discovery and Scheduling Order on December 7, 2023. (Doc. 33.) Originally, the deadline for the filing of a dispositive motion was set for October 18, 2024. (*Id.*)

On October 18, 2024, Defendant moved to modify the scheduling order. (Doc. 36.) On October 21, 2024, the Court issued its Order Granting Defendant's Motion to Modify *Nunc Pro Tunc* the Discovery and Scheduling Order, extending the deadline for filing a dispositive motion from October 18, 2024, to December 17, 2024. (Doc. 37.)

On December 13, 2024, Defendant sought an additional extension of the relevant deadline. (Doc. 37.) The Court issued its Order Granting Defendant's Second Motion to Modify the Discovery and Scheduling Order on December 16, 2024. (Doc. 38.) The dispositive motion

filing deadline was extended from December 17, 2024, to January 16, 2025. (*Id*. at 2-3.)

On January 16, 2025, Defendant Lima filed a third motion to modify the scheduling order. (Doc. 39.) The motion is supported by a memorandum of points and authorities (*see* Doc. 39-1 at 1-3) and the Declaration of Patricia M. Kealy (*id*. at 4-5).

## II.     DISCUSSION

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). This good cause standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc*., 975 F.2d 604, 609 (9th Cir. 1992). The court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Id*. If the party was not diligent, the inquiry should end. *Id.*

Here, Defendant contends good cause exists to grant the motion to modify the current dispositive motion filing deadline by seven days. (Doc. 39-1 at 2.) Defendant intends to submit a declaration from Lieutenant Herleman in support of his motion for summary judgment; however, due to unforeseen circumstances defense counsel learned on the date of the deadline for doing so that Herleman cannot sign and return the declaration until Monday, January 20, 2025. (*Id*. at 2.) Specifically, defense counsel declares she has worked with Herleman throughout December to draft and finalize his declaration. (*Id*. at 4, ¶¶ 5-7.) Last week, Herleman indicated to counsel he would review the exhibits to his declaration and sign the declaration on January 15, 2025, when he returned to work. (*Id*., ¶ 7.) On the morning of January 16, 2025, defense counsel learned Herleman "unexpectedly needed to take two days off of work," and would be unable to return his declaration until Monday, January 20, 2025. (*Id*., ¶ 8.) Defense counsel intends to file the summary judgment "as soon as this signed declaration is received," but requests a seven-day extension to avoid any "additional unforeseeable delays." (*Id*., ¶ 10.)

## III.    CONCLUSION AND ORDER

Accordingly, and for good cause shown, the Court **ORDERS** that:

1. Defendant's motion to modify the scheduling order (Doc. 39) is **GRANTED**; and

//

2. The Discovery and Scheduling Order is **MODIFIED** *nunc pro tunc* to extend the deadline for filing a dispositive motion from January 16, 2025, to **January 23, 2025**.

IT IS SO ORDERED.

Dated:     **January 17, 2025**

UNITED STATES MAGISTRATE JUDGE